UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

RICHARD G. ARNOLD &                                             Chapter 13
DOROTHY A. HOYT,                                                Case No. 08-13479
                          Debtors.
_____

APPEARANCES:

Richard Croak, Esq.
*Attorney for Debtor*
314 Great Oaks Blvd.
Albany, NY 12203

Andrea E. Celli, Esq.
*Chapter 13 Standing Trustee*
7 Southwoods Blvd.
Albany, NY 12211

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Before the court is the objection filed by the Chapter 13 trustee Andrea E. Celli ("Trustee") to the modification of the confirmed plan of Richard G. Arnold and Dorothy A. Hoyt ("Debtors"). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), (b)(2)(L), and 1334(b).

## FACTS

The pertinent facts are undisputed and are summarized below.

1. Debtors filed a Chapter 13 petition, plan, and schedules on October 20, 2008. (Nos. 1, 4.). A matrix with the names and addresses of all creditors was also filed with the petition. The information on the creditor matrix was used by the Bankruptcy Court Clerk to generate the mailing matrix for the case. 2. The Plan was confirmed by order dated and entered March 24,

2009.  (No. 28.)

3.  The Confirmation Order provides for the Debtors to remit $47,400.00 to the Trustee by making monthly payments of $790.00 for a term of 60 months.  Unsecured creditors are to receive a dividend of not less than ten percent.  (No. 28.)

4.  On August 11, 2009, the Trustee filed a motion to dismiss the Debtors' case based upon their failure to make plan payments.  (No. 34.)

5.  In response to the Trustee's motion, the Debtors filed a motion on August 19, 2009, seeking an order modifying their confirmed plan to waive payment defaults through August 2009, and to increase their payments for the remaining 53 months to $835.00, such that the total paid into the plan would remain unchanged.  (No. 36.)

6.  The motion to modify the Debtors' plan was served upon all creditors who had timely filed claims in the case.

7.  No objections to the proposed modification were filed by any creditor served with notice of the motion.

8.  The Trustee objected to the proposed modification on the ground that notice of the modification was not served upon all creditors on the mailing matrix.  (No. 38.)

## ARGUMENTS

Citing *In re Cotte*, Ch. 13 Case No. 05-19711, 2009 WL 3753891 (Bankr. N.D.N.Y. Nov. 5, 2009), the Trustee contends that all creditors listed on the mailing matrix are entitled to notice of the Debtors' proposed modification.  The Trustee notes that the Debtors have failed to provide any legal basis for departing from the court's holding in *Cotte*.

The Debtors argue that only creditors with timely filed proofs of claim are entitled to

notice of a motion to modify a confirmed plan. The Debtors state that there is no mandate that creditors who are not claimants in a case must be served with notice of a modification to a plan. The Debtors argue further that no purpose is served by requiring notice to creditors without timely filed proofs of claim because they cannot interpose an objection based upon the amount or dividend being paid under a plan.

In support of their position that notice may be limited to something less than the complete mailing matrix, the Debtors advance the following arguments: (1) certain creditors on the mailing matrix may be listed more than once, or be holders of claims that have been sold, transferred, or are no longer viable; (2) the Trustee has a duty to represent the unsecured creditors and, thus, service upon the Trustee should constitute service upon the unsecured creditors; and (3) a motion to modify should not require wider service than a motion to dismiss by the Trustee, which is not served upon all creditors on the mailing matrix.

The Debtors argue, in the alternative, that they should only be required to serve creditors that are detrimentally affected by the proposed modification.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 2002(a)(5) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, *all creditors* and indenture trustees . . . notice by mail of . . . the time fixed to accept or reject a proposed modification of a plan." Fed. R. Bankr. P. 2002(a)(5) (emphasis added). In addition, with respect to a post-confirmation modification of a Chapter 13 plan, Federal Rule of Bankruptcy Procedure 3015(g) states that "[t]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, and *all creditors* . . . notice by mail . . . unless the court orders otherwise with respect to creditors who are not affected by the proposed modification." Fed. R. Bankr. P. 3015(g) (emphasis added).

3

A "creditor" under the Code includes "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" includes the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). In *Cotte*, 2009 WL 3753891, the debtor's proposed modification to deem her plan complete was not served on the complete mailing matrix and the Trustee objected. The objection was sustained based upon the court's ruling that the filing status of an entity's claim does not affect its creditor status pursuant to 11 U.S.C. §§ 101(5) and (10). The Court agrees with the Trustee that the *Cotte* rationale applies to the facts of the case *sub judice* and is dispositive.

> An unfiled or tardily filed claim still carries with it a contingent right to payment that is extinguished only upon the granting of a discharge. Until and unless that discharge is issued to the debtor, any entity with such a contingent right to payment is entitled to the full universe of protections awarded to a "creditor" under the Bankruptcy Code. That universe includes notice of any proposed plan modification.

*Cotte*, 2009 WL 3753891, at *2. Thus, to comply with the noticing requirements of Federal Rules of Bankruptcy Procedure 2002(a)(5) and 3015(g), the proponent of a modified plan must give notice to the entire mailing matrix.

As a matter of basic statutory construction, there is no foundation for the Debtors' proposition that only entities with allowed claims should be considered creditors. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are crystal clear: a contingent right to payment is a claim and an entity with a prepetition claim, even a contingent one, is a creditor. The Code definitions, as provided by Congress, leave no doubt that all entities with claims, as defined in § 101(5), are creditors. Any deviation from that mandate would need to come from the legislature, not the courts.

4

Despite their titles, a motion to deem a plan complete, as made in *Cotte*, and a motion to modify plan payments, as made in the instant case, for purposes of the Code and Rules, are one and the same. They are both motions to modify a plan post-confirmation governed by 11 U.S.C. § 1329 and Federal Rules of Bankruptcy Procedure 2002(a)(5) and 3015(g). All such motions must be served on all creditors, even those not affected by the modification unless, as stated in Rule 3015(g), the court orders otherwise. In this case, the docket reflects that the court has not issued such an order. Thus, even if the Debtors conclude that certain creditors are not detrimentally affected, they may not unitarily dispose with notice. Notice ensures that if there is a relevant objection to the proposed modification, a creditor will have the opportunity to present it. While the Trustee has the obligation to guard the general interests of the unsecured creditor class, that does not translate into the ability to represent individual creditors or supplant the notice and due process requirements of Federal Rules of Bankruptcy Procedure 2002(a) and 3015(g). Thus, notice upon the Trustee does not equate to service upon all unsecured creditors as advanced by the Debtors.

As discussed in *Cotte*, even if a creditor does not have the standing necessary to challenge a modification to proposed distributions under a plan,

> [§] 1329(b)(1) . . . specifically provides that the requirements of § 1325(a) apply to all modification under § 1329(a). Those requirements include the mandate of § 1325(a)(1) that the plan must comply with the provisions of that chapter and with the other applicable provisions of Title 11 and the edict of § 1325(a)(3) that the plan must have been proposed in good faith. As indicated by the Trustee, any creditor, whether or not that creditor has a timely filed claim, might have pertinent information on the propriety of a proposed modification and should always be able to make that information known to the court.

*Cotte*, 2009 WL 3753891, at *3.

Other than passing references to *Cotte*, the Debtors offer no case law in support of their

arguments, most of which sound a familiar mantra: certain names and addresses on the matrix may be ignored for noticing purposes. The creditor matrix detailing the names and addresses of all creditors and other parties in interest was prepared and filed by the Debtors at the commencement of the case in conformance with Local Bankruptcy Rule 1007-2. The Debtors created the creditor matrix; if one creditor is listed multiple times with different addresses, presumably this was intentional to ensure that the creditor involved would receive proper notice under the theory "better too many than not enough."[1] If only one of the creditor's addresses is arbitrarily selected by the Debtors for notice of the proposed modification to their plan and that address turns out to be incorrect, service would then be invalid defeating the entire premise of scheduling multiple addresses to begin with.[2] There is a presumption that the addresses provided by a debtor on the matrix are the correct addresses for noticing purposes and, thus, notice must be provided to the creditors at those addresses. *See* Local Bankruptcy Rule 1007-2. The court and the Trustee should not have to guess why a creditor is served at one address and not at another or not at all. The burden of providing effective notice pursuant to 11 U.S.C. § 342 is always on the debtor. If the length of the matrix is a problem, it is an issue that must be resolved by the debtor.           Debtors also argue that the Trustee's motion to dismiss their case was not

---

[1] Apparently, it is not an unusual practice for a debtor's attorney to use some or all of the various credit reporting agencies to obtain creditors' addresses to prepare a debtor's schedules and the creditor matrix. Ironically, endeavoring to overkill for purposes of creating the list of creditors and relying on the random sequence of addresses from these third party entities, may not comply with the exactitude required by § 342.

[2] The matrix is a universe created in the first instance by the debtor. It is not a static document. If a debtor wishes to provide notice on something less than the universe of creditors at the addresses listed on the matrix, the burden is on the debtor to amend the matrix. Such an amendment may be appropriate if, for example, creditor John Jones is listed four times at different locations for one specific debt and creditor Jones files a proof of claim with an address for notices. Alternatively, if a debtor receives notices returned as undeliverable by the United States Postal Service, addresses would need to be updated.

served upon all creditors, so notice of their modification should not require broader service. There is no merit to this argument. Unlike a notice to modify a plan, a motion to dismiss a Chapter 13 case by the Trustee does not need to be served on all creditors. *See* Fed. R. Bankr. P. 1017(f) and 2002(a)(4).

Based upon the foregoing, the Trustee's objection is sustained and the Debtors' motion to modify is denied without prejudice.

It is so ORDERED.

Dated: September 27, 2010  /s/ Robert E. Littlefield, Jr.
Albany, New York          _____
                          Hon. Robert E. Littlefield, Jr.
                          Chief United States Bankruptcy Judge